## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **SOLOMON STANLEY, Individually,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.** |
| | : | |
| | : | |
| **C & Y INVESTMENT CORP** | : | |
| **A Domestic Company** | : | |
| | : | |
| **Defendant.** | : | |

_____/

## COMPLAINT

Plaintiff, Solomon Stanley (hereinafter "Plaintiff"), hereby sues the Defendant, C&Y Investment Corp., a Domestic Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, costs and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1.    This action is brought by Solomon Stanley, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of Woodstock Antiques mall

2.    This Court has jurisdiction pursuant to the following statutes:

1

a.    28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

b.    28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c.    28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

4.    Venue is proper in this judicial district and division. Defendant does business in the State of Georgia, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## **PARTIES**

5.    Plaintiff Solomon Stanley is a resident of Powder Springs, Georgia, suffers from mobility issues, utilizes prescribed knee braces, must ambulate with a cane, is only able to ambulate short distances, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

2

6.    Plaintiff Solomon Stanley is substantially limited in performing one or more major life activities, including but not limited to, ambulating unassisted and for short distances.

7.    Plaintiff Solomon Stanley resides close to the property in question and frequently visits such property.

8.    Plaintiff Solomon Stanley is a frequent patron at Woodstock Antiques mall, located at 5643 Bells Ferry Road, Acworth, GA.

9.    Woodstock Antiques mall is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

10.    Defendant owns, leases, leases to, or operates Woodstock Antiques mall, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

11.    Plaintiff realleges paragraphs one (1)  through ten (10) of this Complaint and incorporates them here as if set forth in full.

12.    Plaintiff was a patron at Woodstock Antiques mall on February 2, 2025.

13.    Plaintiff has definite plans to return the property again in June 2025, to avail himself of the goods and services offered to the public at the property but for the barriers in existence that deter him from doing so.

14.     There are numerous architectural barriers present at Woodstock Antiques mall that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Woodstock Antiques mall are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

15.     Plaintiff, upon visiting the property, personally suffered discrimination because of his disability.

16.     There are several elements and spaces that Plaintiff personally encountered and which discriminated against him based upon him disability, such as:

a.     The parking spaces by the antique store have no signage indicating where the designated accessible parking is located.

b.     The parking spaces by the antique store are faded and the designated parking area is not visible to a disabled individual to know where to park.

c.     There is no accessible route from the parking area to the entrance at the antique store for a disabled individual to utilize.

d.     The parking area by the antique store is in disrepair and creates a hazard for a disabled individual.

e.     The ramp by the antique store is severely steep and creates a hazard for a disabled individual.

f.     The ramp at the antique store has an unsecured mat over it, which creates a tripping hazard for a disabled individual.

g.     There is a second ramp at the antique store that is in disrepair and creates a hazard for a disabled individual.

h.     The second ramp at the antique store has an excessively large gap at the base, which creates a tripping hazard for a disabled individual.

i.     The ramp at the pawn shop is excessively steep and creates a hazard for a disabled individual.

j.     The ramp at Aarons is excessively steep and creates a hazard for a disabled individual.

k.     The accessible route between the pawn shop and Aarons is excessively steep and creates a hazard for a disabled individual.

l.     The ramp at Amigos Tienda is excessively steep and creates a hazard for a disabled individual.

m.     The designated parking by Aarons is excessively steep and creates a hazard to a disabled individual.

n.     The designated parking by Aarons is in disrepair and creates a hazard to a disabled individual.

5

o.      There is no signage at the parking by Aarons to indicate where the designated accessible parking is located.

p.      There is a lack of an accessible route from the parking area at Aarons to the property due to a curb.

q.      The parking throughout the mall is not dispersed.

17.    The discriminatory violations described in paragraph 16 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above.

18.    The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above.

19.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Solomon Stanley has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Solomon Stanley personally encountered.

20.     Defendants' failure to remove the architectural barriers identified in paragraph sixteen (16) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

21.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

22.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities , 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then

the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23.    The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

24.    Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

25.    Solomon Stanley has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

26.    Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

27.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

29.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

i.    by failing to bring Woodstock Antiques mall into compliance with the Standards where it is readily achievable to do so; and

9

       ii.     by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.     Order Defendant:

       i.     to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

       ii.     to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.     Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

E.     Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: */s/ Pete M. Monismith*
Pete M. Monismith
Georgia Bar 941228
Attorney for Plaintiff
3945 Forbes Ave., #175
Pittsburgh, PA 15213
(tel) 724-610-1881
(fax) 412-258-1309
pete@monismithlaw.com

## Font Certification

I certify that I prepared this document in 14 point Times New Roman font

and complied with the margin and type requirements of this Court.

/s/ Pete Monismith
Pete Monismith